McGREGOR W. SCOTT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JASON ROBINSON,<br><br>  Defendants. | CASE NO. 1:19-CR-00071 DAD-BAM<br><br>STIPULATION CONTINUING JURY TRIAL AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>COURT: Hon. Dale A. Drozd |

This case is set for a trial confirmation on August 17, 2020 and a jury trial on September 1, 2020. The parties stipulate and request a continuance of the trial confirmation to January 19, 2021 and the jury trial to February 2, 2021. Defense counsel needs additional time to confer with her client.due to obstacles in communication due to COVID-19 restrictions. Additionally, on April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

1

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial confirmation and jury trial on August 17, 2020, respectively.

2. By this stipulation, defendant now moves to continue the trial confirmation to January 19, 2021 at 10:00 am, and the jury trial to February 2, 2021 at 8:30 a.m., and to exclude time between August 17, 2020, and February 2, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports, video and photographs.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  Additionally, the parties have engaged in plea negotiations and the government has provided a plea agreement.

   b) Counsel for defendant desires additional time to review discovery, conduct investigation, and finalize plea negotiations.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 17, 2020 to February 2, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis

of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 30, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ KIMBERLY A. SANCHEZ
KIMBERLY A. SANCHEZ
Assistant United States Attorney

Dated:  July 30, 2020

/s/ MELISSA BALOIAN
MELISSA BALOIAN
Counsel for Defendant
JASON ROBINSON

### FINDINGS AND ORDER

Pursuant to the parties' stipulation, the trial currently scheduled for September 1, 2020, at 8:30 a.m. be continued to February 2, 2021, at 8:30 a.m. The time period between August 17, 2020 to February 2, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]  for the reasons stated in the parties' stipulation. It is further ordered that the currently scheduled August 17, 2020 trial confirmation hearing be continued to January 19, 2021, at 10:00 a.m.

IT IS SO ORDERED.

Dated:  **July 31, 2020**

_____
UNITED STATES DISTRICT JUDGE